United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA MARBLEY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-3396 |
| § | |
| TEAMSTER LOCAL 988, *et al.*, § | |
| § | |
| *Defendants.* § | |
| § | |
| § | |
| § | |

## ORDER

Pending before the Court are six Motions to Dismiss filed by Defendants Michael Offord ("Offord") Teamster Local 988, Michael Honer ("Honer"), Shebrenna Tangarife ("Tangarife"), Rhonda Russell ("Russell"), Bruce Johnson ("Johnson"), Berg Plummer Johnson & Raval, LLP, Jessica Craft ("Craft"), Littler Mendelson, P.C., Eric H. Nelson ("Nelson"), and Law Office of Eric Nelson. (Doc. Nos. 64, 65, 67, 69, 72, 76). Plaintiff Joshua Marbley ("Plaintiff" or "Marbley") has not responded to any of the motions. Having considered the pleadings and applicable law, the Court hereby **GRANTS** all of the Defendants' Motions to Dismiss.

### I.   Factual Background

This case centers on whether Plaintiff's termination was an act of retaliation and discrimination. Plaintiff is proceeding in this case *pro se*.

According to Plaintiff's Second Amended Complaint, he was employed as a Bus Operator for First Transit Inc. ("First Transit") for eight years. First Transit has a collective bargaining agreement with Defendant Teamster Local 988, a labor organization. (Doc. No. 54 at 4). According

to Plaintiff's Second Amended Complaint, he is a member of this union. While individual employees have been named as defendants, First Transit has not been named as a defendant in this lawsuit.[1]

Plaintiff alleges that he raised safety concerns that bus drivers were tired and falling asleep while driving to Defendant Honer, Regional Director of Operations and Metro Lift Van and Services at First Transit, as well as to several other individuals who worked for the Metropolitan Transit Authority of Harris County, First Transit, or the city of Houston, but his complaints were ignored. (*Id.* at 5). Following his repeated complaints, Plaintiff alleges that his work environment "became hostile" and that individuals employed by First Transit began searching bus surveillance cameras for evidence of him committing safety violations. (*Id.* at 9). Plaintiff eventually took his safety complaints to the news media, where local Channel 13 News aired a video featuring Plaintiff titled "Houston METROLIFT Drivers Worry About Fatigue During Long Shifts: 'Draining'" on September 23, 2021. (*Id.*).

According to Plaintiff, First Transit did not view the broadcasted story favorably and Plaintiff was placed on administrative leave pending an investigation on October 15, 2021 by Honer and Defendant Tangarife, Human Resources Manager of First Transit (*Id.*). Plaintiff was terminated on October 19, 2021, and was informed his termination was due to the volume of safety violations on his record. (*Id.*). Plaintiff alleges that no one at First Transit brought up these alleged safety violations prior to his television interview and that his former employer has no evidence of said violations. (*Id.*).

---

[1] Plaintiff sues these individuals in their individual and "official" capacities. These "capacities" are not explained in the Second Amended Complaint, and it is unclear to the Court what official capacity private individuals working for a private, non-governmental company would have.

In his Second Amended Complaint, Plaintiff also names Defendant Russell, who serves as First Transit's "Safety Manager," but does not plead specific facts about her alleged involvement in the context of his claims. (*Id.* at 6). Plaintiff similarly names Defendant Offord, "Business Representative Teamster Local 988." Plaintiff appears to allege Offord did not reply to Plaintiff's emails concerning his potential termination and was not present during the meeting during which First Transit terminated him. (*Id.* at 7).

Outside of the facts described above, the details of Plaintiff's causes of action are scant at best. In Plaintiff's Second Amended Complaint, he brings the following claims against all Defendants: (1) discrimination and retaliation in violation of § 8(B)(1)(A) of the National Labor Relations Act (NLRA); (2) violation of § 554.002 of the Texas Whistleblower Act; (3) violation of the National Transit System Security Act; (4) employment discrimination in violation of Title VII of the Civil Rights Act of 1964; and (5) interference in violation of 42 U.S.C. § 1983. (*Id.* at 10). It also appears from Plaintiff's Second Amended Complaint that he pleads a separate, sixth "cause of action" that states cannot license attorneys or otherwise regulate the practice of law that is directed toward Defendants' counsels and their respective law firms.[2] (*Id.* at 7-9).

Defendants filed six separate Second Motions to Dismiss for failure to state a claim under Rule 12(b)(6) and lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. Nos. 64, 65, 67, 69, 72, 76).[3] Plaintiff did not respond to any of Defendants' Second Motions to Dismiss.

---

[2] Defendants' lawyers and their respective law firms include Jessica Craft and Littler Mendelson, P.C.; Eric. H. Nelson and the Law Office of Eric H. Nelson; and Eric Johnson of Berg Plummer Johnson & Ravall, LLP. They are named as defendants in the Second Amended Complaint.

[3] Generally, the Court will be addressing Defendants' Motions collectively for efficiency in this Order because they advance nearly identical arguments as to all of Plaintiff's claims. Where the Court only addresses specific motions or claims against specific Defendants, it will note that it is doing so and which motions and Defendants it is referring to.

## II. Legal Standard

A. Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

To determine whether to grant a Rule 12(b)(6) motion, a court may look only to allegations in a complaint to determine their sufficiency. *Santerre v. Agip Petroleum Co., Inc.*, 45 F.Supp.2d 558, 568 (S.D. Tex. 1999); *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2011 WL 1004880

(E.D. Tex. 2011). A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned. *See Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 633 (S.D. Tex. 1999); *Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000) (at motion to dismiss for failure to state a claim, a court may consider an indisputably authentic document that is attached as an exhibit, if plaintiff's claims are based on the document).

B. Subject Matter Jurisdiction - Rule 12(b)(1)

"A case is properly dismissed for lack of subject mater jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Handy v. United Airlines, Inc.*, CV H-20-3751, 2021 639995, at *2 (S.D. Tex. Feb. 18, 2021) (quoting *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When the Court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See id.; Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)).

### III. Analysis

#### A. Plaintiff's Failure to Respond to Defendants' Motions to Dismiss

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendants' motions would be improper.

Since a dismissal based only upon the local rules and Plaintiff's failure to respond would be improper, this Court will consider the merits of Defendants' Motions to Dismiss below.

#### B. Plaintiff's "Practice of Law" Claim Against Defendants' Counsels & Law Firms

The Court will first address what appear to be Plaintiff's claims addressing only a portion of the Defendants—namely, the Defendants' lawyers and their respective law firms: Jessica Craft and Littler Mendelson, P.C.; Eric. H. Nelson and the Law Office of Eric H. Nelson; and Eric Johnson of Berg Plummer Johnson & Ravall, LLP (collectively, "Law Firm Defendants").[4]

---

[4] The Court will address the Law Firm Defendants and their respective Motions to Dismiss as to Plaintiff's practice of law claim collectively, since they are nearly identical in substance.

6

In his Second Amended Complaint, Plaintiff appears to argue that the Supreme Court's holding in *Schware v. Bd. of Bar Examiners of State of N.M.* supports his claim that "[t]he practice of Law cannot be licensed." 353 U.S. 232 (1957); (Doc. No. 54 at 7-9). In their Motions to Dismiss, the Law Firm Defendants argue Plaintiff fails to assert a cognizable claim and his claim should therefore be dismissed under Rule 12(b)(6).

This Court agrees that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6). Although it is far from clear what Plaintiff is attempting to argue with this particular contention, to the extent that Plaintiff is alleging that states lack the power to license attorneys or otherwise regulate the practice of law, this is inherently false. Such a claim does not exist and the United States Supreme Court has repeatedly recognized the power of states to regulate the practice of law. *See e.g., Bates v. State Bar of Ariz.*, 433 U.S. 350, 361 (1977); *Goldfarb v. Va. State* Bar, 421 U.S. 773, 792 (1975); *Block v. Tex. Bd. of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020). Moreover, Plaintiff's reliance on *Schware* is misplaced. *Schware* does not stand for the proposition that "[t]he practice of Law cannot be licensed." Rather, the court in *Schware* held that a state could not deprive an individual from due process in seeking the opportunity to qualify for the practice of law within that state. *Schware*, 353 U.S. 232 at 247. Further, complaining that a "[t]he practice of Law cannot be licensed" is not a cognizable cause of action. Finally, if it were a recognized cause of action, the proposed defendant should be the State Bar of Texas—not these defendants.

Plaintiff's contention that states do not have the authority to license attorneys or regulate the practice of law is false and is not a recognized cause of action. Accordingly, the Court finds that Plaintiff has failed to state a claim under Rule 12(b)(6) and all of his claims as to the lawyers and law firms are dismissed.

## C. Plaintiff's National Labor Relations Act Claim

Section 8(B)(1)(A) of the NLRA prohibits employers from restraining or coercing employees from engaging in concerted activities for purposes of collective bargaining or other protections. Based on Plaintiff's Second Amended Complaint, he appears to plead that he was discriminated and retaliated against in violation of § 8(B)(1)(A) of the NLRA. (Doc. No. 54 at 10). Outside of referencing an alleged violation of this section of the NLRA, Plaintiff does not appear plead any additional facts to support this claim.

All of the Defendants argue that Plaintiff fails to state a cognizable claim under the NLRA. Defendants first contend that individuals cannot be held personally liable for claims brought under the NLRA. Second, they argue that Plaintiff's Second Amended Complaint does not appear to allege that he was subjected to any unfair labor practice charge. Assuming, however, that Plaintiff alleges that his termination constituted an unfair labor practice, Defendants maintain that Plaintiff would have been required to file his unfair labor practice charge within six months of his termination pursuant to 29 U.S.C. § 157(B)(1)(A). Since this case was filed on September 29, 2022, nearly one year after his termination on October 19, 2021, Defendants argue that Plaintiff's NLRA claim, to the extent he even has properly pleaded one, is time barred. Finally, Defendants argue that this Court is not the proper forum for Plaintiff's NLRA claim because such issues, if timely and meritorious, must be brought before the National Labor Relations Board (NLRB), not a United States District Court.

The Court finds that it does not have subject matter jurisdiction under Rule 12(b)(1) over Plaintiff's NLRA claim and that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6). As an initial matter, this Court lacks the jurisdiction to hear Plaintiff's

NLRA claim. The NLRB has exclusive jurisdiction over claims of unfair labor practices, including violations of Section 8(B)(1)(A). *See Hobbs v. Hawkins,* 968 F.2d 471, 478 (5th Cir. 1992).

Even if this Court had the jurisdiction to hear Plaintiff's NLRA claim, all of the Defendants are correct that Plaintiff fails to plead facts to state a claim upon which relief may be granted. Plaintiff has pleaded no facts that pertain to his NLRA claim outside of describing it as a cause of action. Individual union members and officers—much less individual defendants who are not involved with the union at all—cannot be held personally liable under the NLRA. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 248-49 (1962). Further, although Teamster Local 988 is not an individual, Plaintiff has pleaded no facts to support that Teamster Local 988's (or any individual Defendant's) alleged involvement in an unfair labor practice. (*See* Doc. No. 54). As such, his claims must be dismissed.

Finally, viewing Plaintiff's Second Amended Complaint in the light most favorable to him, even if Plaintiff's claim that that his termination constituted an unfair labor practice, Defendants are correct that his claim is time barred. Plaintiff was required to file his NLRA claim, regardless of the forum, within six months of his termination on October 19, 2021. This lawsuit was filed nearly a year after Plaintiff's termination on September 22, 2022. Thus, Plaintiff's NLRA claim is barred by the applicable statute of limitations and he has failed to state a claim upon which relief may be granted.

Accordingly, due to the absence of subject matter jurisdiction and Plaintiff's failure to state a claim upon which relief may be granted, Defendants' motions to dismiss as to Plaintiff's NLRA claim are granted.

### D. Plaintiff's Texas Whistleblower Act Claim

Plaintiff appears to plead that all of the Defendants committed violations of § 554.002 of the Texas Whistleblower Act (TWA). The Texas Whistleblower Act (TWA) prohibits state and local government employers from taking adverse employment actions against employees who, in good faith, report violations of the law to an appropriate law enforcement authority. *Montgomery County v. Park*, 246 S.W.3d 610 (Tex. 2007). A public employee who alleges a violation of the TWA may sue the employing state or local government entity for relief. To succeed on a TWA claim, one must show that: (1) the plaintiff was a public employee; (2) the defendant was a state agency or local government; (3) the plaintiff reported the violation in good faith; (4) the report was made to the appropriate law enforcement authority; and (5) the employing governmental entity took an adverse employment action against the plaintiff because of the report. Tex. Gov. Ann. § 544.002; *Tex. Dep't of Criminal Justice v. McElyea*, 239 S.W.3d 842 (Tex. App.—Austin 2007).

Although it is unclear what allegations in Plaintiff's Second Amended Complaint apply to his TWA cause of action, the Court is required to read Plaintiff's pleadings in the light most favorable to him. Thus, relevant to his TWA cause of action, Plaintiff appears to have pleaded that as a bus driver for First Transit he reported his concerns about fatigued bus drivers to various employees and representatives of the Metropolitan Transit Authority of Harris County, First Transit, and Teamsters Local 988. (Doc. No. 54 at 5). Plaintiff also pleaded that he requested a "sit-down meeting" via email to discuss his concerns with Houston Mayor Sylvester Turner to which no one responded. (*Id.*).

In their Motions to Dismiss, all of the Defendants argue that Plaintiff fails to plead facts supporting a TWA cause of action. First, Defendants maintain that Plaintiff has not pleaded that he is a public employee because First Transit is not a state or local government entity, but rather a

10

corporation formed under the laws of Delaware and authorized to do business in Texas. Second, Defendants argue that § 554.002 makes no allowance for individual liability and only applies to state agencies or local governments. Third, Defendants contend that to maintain his TWA claim, Plaintiff was required by the statute to bring suit and initiate the "grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action" within 90 days of the occurrence. Tex. Gov. Code. §§ 554.005, 554.006. Since Plaintiff has failed to demonstrate that he has exhausted his administrative remedies, and his TWA claim was brought, for the first time, in this lawsuit, which was filed on September 22, 2022, it is time barred. Finally, Defendants argue that neither Plaintiff's email to Houston Mayor Sylvester Turner nor any of Plaintiff's alleged reports to Metropolitan Transit Authority of Harris County, First Transit, Teamsters Local 988 qualify as a good faith reports of a violation of law to an appropriate law enforcement authority.

This Court agrees with Defendants and finds that Plaintiff has failed to state a claim upon which relief may be granted. First, Plaintiff fails to plead facts showing that he is a public employee, so the TWA's protections do not apply to him. Further, he does not plead that the defendants are public entities. The TWA only applies to public employees who bring suit against state governmental entities and local governmental entities. The statute defines state governmental entities as "a board, commission, department, office, or other agency in the executive branch of state government, created under the constitution or a state statute, including an institution of higher education; the legislature or a legislative agency; or the Texas Supreme Court, the Texas Court of Criminal Appeals, a court of appeals, a state judicial agency, or the State Bar of Texas." Tex. Gov. Ann. § 554.001(5). It further defines local governmental entities as "a political subdivision of the state, including a county, municipality, public school district, or special-purpose district or

11

authority." § 554.001(2). Even if Plaintiff was able to show that he is a public employee, Plaintiff has brought his TWA cause of action against four individual defendants employed by First Transit, a private corporation, a labor organization, three individual lawyers, and three law firms. As such, none of the Defendants may be characterized as a state governmental entity or local governmental entity—the only categories of defendants subject to the TWA's protections. Finally, First Transit, Plaintiff's employer, is not even a party to this lawsuit. Given that the Court finds that Plaintiff is not protected by the TWA as a threshold matter, there is no need to address the other elements—or lack thereof—of Plaintiff's TWA claim.

Accordingly, this Court finds that Plaintiff has failed to state a claim upon which relief may be granted as to his TWA cause of action. Defendants' motions to dismiss Plaintiff's TWA claim are hereby granted.

### E. Plaintiff's Title VII Claim

In Plaintiff's Second Amended Complaint, he contends his termination was an act of retaliation in violation of Title VII of the Civil Rights Act of 1964. Based on Plaintiff's Second Amended Complaint, it appears he brings this claim against all of the named Defendants. To establish a prima facie case of retaliation under Title VII, an employee must show that: (1) he engaged in a protected activity protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action. *Cooper v. Dallas Police Ass'n*, 278 Fed.Appx. 318, 320 (5th Cir. 2008). A "protected activity," for purpose of showing Title VII retaliation claim, is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.

*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003); Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C.A. § 2000e *et seq.*

All of the Defendants maintain that Plaintiff fails to state a claim for relief because Title VII does not impose liability on individual defendants, much less defendants who were never Plaintiff's employer. Moreover, Defendants argue that Plaintiff fails to plead facts that suggest he engaged in a protected activity covered by Title VII. Defendants contend that Plaintiff has failed to plead any facts in his Second Amended Complaint that show he made a charge, testified, assisted, participated in an investigation, proceeding, or hearing under Title VII. Finally, Defendants contend that although Plaintiff pleads that Honer and Tangarife informed Plaintiff that he was being placed on "Administrative Removal" prior to his termination and Tangarife signed Plaintiff's termination paperwork as a witness, that these adverse employment actions are attributed to First Transit, rather than any of the named Defendants as individuals. (*Id.* at 9). Thus, Defendants argue that Plaintiff fails to state a claim upon which relief may be granted.

The Court finds that Plaintiff has failed to state a claim upon which relief may be granted under Title VII. As an initial matter, Title VII gives employees a private right to action, but such claims cannot be brought against a specific individual, such as a supervisor. Put simply, there is no individual liability under Title VII. *See Ackel*, 339 F.3d 376 at 381 n.1 ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). Plaintiff concedes that he was employed by First Transit, which is not named in this lawsuit as a defendant. Thus, Plaintiff has no basis for bringing a Title VII claim against the defendants named in this case. Since none of the Defendants were ever Plaintiff's employer. Defendants Offord, Honer, Tangarife, and Russell were all employed by First Transit

and were sued in their individual and "official" capacities; Teamster Local 988 is a labor organization that Plaintiff was a member of while employed by First Transit; Defendants' lawyers are individuals and neither they, nor their respective law firms were ever Plaintiff's employer. Accordingly, the only entity that Plaintiff could bring a Title VII claim against is his employer, First Transit and it is not a defendant.[5] In the absence of this threshold element of a Title VII claim, this Court does not see the need to address whether Plaintiff has pleaded the remaining elements of a Title VII claim. Accordingly, Defendants' motions to dismiss Plaintiff's Title VII claim are granted.

### F. Plaintiff's National Transit System Security Act Claim

Defendants argue that Plaintiff's National Transit System Security Act Claim (NTSSA) must be dismissed because Plaintiff has failed to exhaust his administrative remedies and this Court thus lacks subject matter jurisdiction to hear Plaintiff's cause of action.

The NTSSA "provides for employee protection from retaliation because the employee has engaged in protected activity pertaining to public transportation safety or security." 29 C.F.R. Section 1982.100(a). The NTSSA, however, does not create a private cause of action. *Ndzerre v. Wash. Metro. Area Transit Auth.*, 174 F.Supp.3d 58, 63 (D.D.C. 2016).

To bring an NTSSA claim, an employee must first file "a complaint with the Secretary of Labor alleging such discharge or discrimination." 6 U.S.C. Section 1142(c)(1); *see also Hunter v. Washington Metro. Area Transit Authority*, 485 F.Supp.3d 65, 82 (D.D.C. 2020) (finding that the NTSSA "require[s] a claimant to first seek an administrative remedy through the Department of

---

[5] The Court also notes that it is not clear that Plaintiff exhausted his administrative remedies as is required for a Title VII claim. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."). Plaintiff, prior to filing a Title VII claim in federal court, is required to (1) file a timely charge with the EEOC, and (2) receive a right to sue letter. *Id*; *see also Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("If the claimant fails to comply with either of the[] [Title VII] requirements then the court is deprived of jurisdiction over the case.").

Labor"). The employee may subsequently bring a lawsuit in federal court for *de novo* review of the complaint if the Secretary of Labor does not issue a final decision within 210 days of the complaint being filed and the Secretary's delay is not due to the bad faith of the employee. 6 U.S.C. § 1142(c)(7). A federal district court's jurisdiction under the NTSSA is limited to: (1) enforcing a final order by the Department of Labor; and (2) conducting a *de novo* review of a complaint when the agency has not issued a final decision within the requisite time frame. *Ndzerre*, 174 F.Supp.3d at 63.

Nowhere in Plaintiff's Second Amended Complaint does he allege that he exhausted his administrative remedies, as required for NTSSA claims. Accordingly, this Court does not have subject matter jurisdiction to hear Plaintiff's NTSSA claim and Defendants' motions to dismiss as they pertain to this cause of action are granted.

### G. Plaintiff's Section 1983 Claim

Defendants collectively argue that Plaintiff's § 1983 fails because he fails to allege any involvement by state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *Peterson v. Johnson*, 57 F.4th 225, 231 (5th Cir. 2023).

This Court agrees with Defendants and finds that Plaintiff has not stated a cognizable claim under § 1983. Among the named Defendants, Offord is described by Plaintiff as a "Business Representative Teamster Local 988" who oversees union members employed by First Transit and is therefore he is not a state entity. (Doc. No. 54 at 6). Honer, Tangarife, and Russell are all privately employed by First Transit as a Regional Director, Human Resources Director, and Safety Manager, respectively, and therefore are not state entities. Teamster Local 988 is a labor

organization, not a state entity. *See* 29 U.S.C. § 152(5). Finally, the Defendants' lawyers and their respective law firms are clearly not state entities. Accordingly, Plaintiff has failed to allege an action by a state actor in his Second Amended Complaint. Thus, Defendants' motions to dismiss Plaintiff's § 1983 claim are granted.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (Doc. Nos. 64, 65, 67, 69, 72, 76). Accordingly, Defendants Michael Offord, Teamster Local 988, Michael Honer, Shebrenna Tangarife, Rhonda Russell, Bruce Johnson, Berg Plummer Johnson & Raval, LLP, Jessica Craft, Littler Mendelson, P.C., Eric H. Nelson, and the Law Office of Eric Nelson are hereby **DISMISSED** and this case is hereby **DISMISSED** with prejudice.

Signed at Houston, Texas, this 24th day of July, 2023.

Andrew S. Hanen
United States District Judge